1  **THE SCHAPS LAW OFFICE, A.P.C.**
2  MICHAEL A. SCHAPS (SBN 247423)
   732 3rd Street, Suite B
3  Davis, CA 95616
   Telephone: (530) 750-9314
4
5  Attorney for Plaintiffs
   JARED HARA and STEPHANIE
6  MIURA

7

8                   **UNITED STATES DISTRICT COURT**
9                    **EASTERN DISTRICT OF CALIFORNIA**
10

11 | JARED HARA and              |                                          |
   | STEPHANIE MIURA,            | NO.                                      |
12 |                             |                                          |
13 |              Plaintiffs,    | **COMPLAINT FOR VIOLATION OF**           |
   |                             | **CIVIL RIGHTS AND STATE LAW**           |
14 |              vs.            | **[42 U.S.C. § 1983 – Unreasonable**     |
   |                             | **Search and Seizure; Battery; False**   |
15 | CITY OF ELK GROVE;          | **Imprisonment; Bane Act]**              |
16 | RENE OLAGUE;                |                                          |
   | GABRIEL RAMOS; and          |                                          |
17 | RODJARD DAGUMAN,            | **JURY TRIAL DEMANDED**                  |
18 |                             |                                          |
   |              Defendants.    |                                          |
19 | _____/|                                          |

20

21     Plaintiffs, Jared Hara and Stephanie Miura, complain and allege as follows:

22                              **I.  JURISDICTION**

23     1.     This complaint seeks damages and attorney's fees pursuant to Title 42 U.S.C.

24  sections 1983 and 1988, for the violation of Plaintiffs' civil rights. Jurisdiction is founded

25  upon Title 28 U.S.C. sections 1331 and 1343. This court has supplemental jurisdiction over

26  Plaintiffs' state law claims pursuant to 28 U.S.C. section 1367.

27

28

Hara & Miura -- Complaint for Damages             1

## II. VENUE

2. Plaintiffs' claims alleged herein arose in the City of Elk Grove in the County of Sacramento, California. Therefore, venue lies in the Eastern District of California pursuant to 28 U.S.C. section 1391(b)(2).

## III. INTRODUCTION

3. This is a federal civil rights action with supplemental state law claims arising from the warrantless, unlawful, and unjustified search and seizure of Plaintiffs' persons and the warrantless, unlawful, and unjustified search of plaintiff Jared Hara's home.

## IV. PARTIES

4. During all times mentioned in this Complaint, plaintiff Jared Hara was, and is, a United States citizen of Japanese descent and a resident of the County of Sacramento, California.

5. During all times mentioned in this Complaint, plaintiff Stephanie Miura was, and is, a United States citizen of Japanese descent and a resident of the County of Sacramento, California.

6. Defendant City of Elk Grove is a public entity within the definition of California Government Code section 811.2. Pursuant to California Government Code section 945, public entities are subject to suit. Defendant City of Elk Grove operates and manages the Elk Grove Police Department.

7. Defendant Rene Olague (Badge No. 234) was employed by the Elk Grove Police Department as an officer. At all relevant times he was acting in the course and scope of that employment and under color of state law. Officer Olague is being sued in his individual capacity.

8. Defendant Gabriel Ramos (Badge No. 169) was employed by the Elk Grove Police Department as a sergeant. At all relevant times he was acting in the course and scope of that employment and under color of state law. Sergeant Ramos is being sued in his individual capacity.

9. Defendant Rodjard Daguman (Badge No. 214) was employed by the Elk Grove Police Department as an officer. At all relevant times he was acting in the course and scope of that employment and under color of state law. Officer Daguman is being sued in his individual capacity.

## V. EXHAUSTION OF GOVERNMENT TORT CLAIM PROCEDURES

8. Plaintiffs filed a timely government tort claim with the City of Elk Grove as a prerequisite to the state law claims alleged herein.

9. That claim was filed on February 28, 2018. The City of Elk Grove rejected Plaintiffs' tort claim on April 16, 2018.

## VI. FACTUAL ALLEGATIONS

10. On the evening of September 26, 2017, plaintiff Stephanie Miura was practicing riding a motorcycle near the home of her boyfriend, plaintiff Jared Hara, in the City of Elk Grove. Ms. Miura held a valid California license to operate a motorcycle. The motorcycle she was riding, which belonged to Mr. Hara, was registered and insured.

11. Although Ms. Miura was licensed, she was not yet an experienced motorcycle rider. On the evening of September 26, 2017, Ms. Miura was practicing her motorcycle skills by riding near Mr. Hara's home at low speed. As Ms. Miura accelerated from a stop, she lost control of the motorcycle at low speed. Sensing she was losing control of the bike, Ms. Miura attempted to jump off of it. The next thing Ms. Miura knew, she was lying in the street at the intersection of Sutherland Way and Dunkerrin Way. The motorcycle was lying nearby.

12. Mr. Hara, who was sitting on his motorcycle in front of his house, saw the accident, which occurred just a short distance from his home, and rode to the scene to investigate. He found Ms. Miura lying in the street. After asking her if she was alright, Mr. Hara helped Ms. Miura to her feet.

13. Around the time Mr. Hara was speaking to Ms. Miura and helping her to her feet, a neighbor called out to ask if everything was alright. Mr. Hara responded that it was.

14. Once she was on her feet, Ms. Miura went into Mr. Hara's house, where she changed out of her motorcycle gear and began inspecting her minor injuries.

15. Mr. Hara lifted the fallen motorcycle off its side and parked it at the corner of Sutherland Way and Dunkerrin Way. He then parked the motorcycle he was riding on his driveway and closed his garage door, intending to re-enter his house through the front door.

16. As Mr. Hara was walking to his front door, an Elk Grove Police officer, defendant Rene Olague, pulled up to Mr. Hara's house and asked if Mr. Hara had been involved in a motorcycle accident. Mr. Hara responded that his girlfriend had been involved in a motorcycle accident and told Officer Olague that she was in the house.

17. Officer Olague instructed Mr. Hara to tell his girlfriend to come outside. Mr. Hara asked why she needed to come out. Officer Olague responded, in an aggressive tone, "She was involved in an accident and I need to talk to her and make sure she's not bleeding out. If she does not come out I will enter your property under exigent circumstances," or words to that effect.

18. Mr. Hara said he would go into the house and summon Ms. Miura. At this point, however, Mr. Hara realized he did not have the keys to his front door with him, so he could not enter the house through the front door. Instead, he re-opened the garage door and walked into the garage. When he reached the internal garage/house door, Mr. Hara told Officer Olague, who was standing on the driveway beyond the garage, that he would be right back. Then, not wishing to leave his garage door open in his absence, Mr. Hara pressed the button to close his garage door.

19. As soon as the garage door began to close, Officer Olague ran into the garage under the closing door. Now inside the garage, Officer Olague said, "I'm not playing games with you," or words to that effect.

20. Mr. Hara asked what Officer Olague was doing and reiterated that he was complying with the officer's request. Mr. Hara also told Officer Olague that he could not come into his garage.

21. Officer Olague then forcefully detained Mr. Hara. He grabbed Mr. Hara by the wrists, placed his hands behind his back, walked him out of the garage, pushed him against his patrol vehicle, handcuffed him, patted him down, and locked him in the back of his patrol vehicle.

22. As Officer Olague was removing Mr. Hara from his home, Sergeant Gabriel Ramos and Officer Rodjard Daguman arrived on the scene. Sergeant Ramos helped Officer Olague place Mr. Hara in handcuffs.

23. Ms. Miura heard voices and came to the internal garage/house door as Officer Olague was leading Mr. Hara out of the garage. Ms. Miura went outside and asked what was going on. An officer instructed Ms. Miura to turn around, interlock her fingers, and spread her legs. An officer patted down Ms. Miura. An officer then instructed Ms. Miura to sit down on the ground, straighten her legs, and cross her ankles. Ms. Miura complied. Officer Olague then interrogated Ms. Miura.

24. Officer Olague and Officer Daguman then went inside Mr. Hara's home and searched it, without consent. Mr. Hara repeatedly protested the search of his home.

25. The search of Mr. Hara's home uncovered absolutely nothing. Mr. Hara and Ms. Miura were at all times acting lawfully, reasonably, and within their rights. At no time did either Mr. Hara or Ms. Miura give Defendants any reason to detain them, to search their persons, or to search Mr. Hara's home.

26. Shortly after Officers Olague and Daguman completed their search of Mr. Hara's home, the officers released Plaintiffs from detention. Plaintiffs were not charged with any crime.

27. Ms. Miura's injuries resulting from her motorcycle accident were minor and did not require medical attention. Mr. Hara suffered pain and a small abrasion to his wrist from the handcuffs Officer Olague placed on him.

28. Mr. Hara and Ms. Miura suffered substantial fear, upset, humiliation, and emotional distress as the direct and proximate result of Defendants' conduct as alleged above.

29. Mr. Hara complained to the Elk Grove Police Department about his and Ms. Miura's treatment at the hands of Officer Olague. On July 2, 2018, the Elk Grove Police Department sustained Mr. Hara's allegations of misconduct. According to the Elk Grove Police Department, this means its investigation disclosed "sufficient evidence to establish that the act occurred and that it constituted misconduct."

## VII. CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
**Unreasonable Search and Seizure**
**(Violation of the Fourth Amendment to the U.S. Constitution:**
**Actionable under 42 U.S.C. §1983)**
*(Against Defendants Olague, Ramos and Daguman)*

30. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 29 as though fully set forth herein.

31. The actions of defendants Olague, Ramos, and Daguman as alleged herein interfered with the exercise and enjoyment of Plaintiffs' civil rights as guaranteed by the Fourth Amendment to the U.S. Constitution. Specifically, these defendants interfered with Plaintiffs' rights when they detained Plaintiffs without a warrant and without probable cause and when they searched Mr. Hara's home without a warrant and without probable cause.

32. As a direct and proximate result of said acts and/or omissions by these defendants, Plaintiffs suffered unreasonable interference with their personal liberty. Plaintiffs also suffered physical injury, pain and suffering, fear, humiliation, emotional distress, and other injuries.

### SECOND CAUSE OF ACTION
**Unreasonable Search and Seizure**
**(Violation of the Cal. Constitution Art. I §§ 1, 7, 13 and Cal. Civil Code § 43:**
**Actionable under Cal. Civil Code § 52.1(b)/Bane Act)**
*(Against all Defendants)*

33. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 32 as though fully set forth herein.

34. The actions of Defendants, as alleged herein, interfered with the exercise and enjoyment of Plaintiffs' civil rights as guaranteed by Article I sections 1, 7 and 13 of the California Constitution. Specifically, Defendants interfered with Plaintiffs' rights when they detained Plaintiffs without a warrant and without probable cause and when they searched Mr. Hara's home without a warrant and without probable cause.

35. The City of Elk Grove is vicariously liable for the conduct of its agents, all individual defendants named herein.

36. As a direct and proximate result of said acts and/or omissions by Defendants, Plaintiffs suffered unreasonable interference with their personal liberty, physical injury, pain and suffering, fear, humiliation, emotional distress, and other injuries.

37. The violations of Plaintiffs' rights as guaranteed by Civil Code § 52.1 (Bane Act) entitle Plaintiffs to compensatory damages and attorney fees, all of which are provided for in Civil Code §§ 52.1 and 52, and which are requested below.

### THIRD CAUSE OF ACTION
**Battery – California State Law**
*(Against all Defendants)*

38. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 37, as though fully set forth herein.

39. The conduct of Officers Olague and Ramos, as alleged herein, including but not limited to grabbing Mr. Hara by his hands, patting him down, and placing him in handcuffs, constituted a battery.

40. The conduct of the officer who patted down Ms. Miura, as alleged herein, constituted a battery.

41. Said conduct was a proximate cause of Plaintiffs' damages and injuries as alleged herein.

42. The City of Elk Grove is vicariously liable for the conduct of its agents, including defendants Olague, Ramos and Daguman.

## FOURTH CAUSE OF ACTION
### False Imprisonment – California State Law
*(Against all Defendants)*

43. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 42, as though fully set forth herein.

44. As alleged above, defendants Olague, Ramos and Daguman intentionally detained and confined Plaintiffs without their consent, and without lawful privilege, for an appreciable period of time.

45. Said conduct was a proximate cause of Plaintiffs' damages and injuries as alleged herein.

46. The City of Elk Grove is vicariously liable for the conduct of its agents, including defendants Olague, Ramos and Daguman.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief:

1. For compensatory, general, pecuniary, economic, non-economic, non-pecuniary, nominal and special damages against each Defendant, jointly and severally, in the amount proven at trial;

2. For costs and reasonable attorneys' fees pursuant to 42 U.S.C. section 1988, California Code of Civil Procedure section 1021.5, California Civil Code section 52.1 and as otherwise authorized by statute or law;

/ / /

3. For such other relief, including injunctive and/or declaratory relief, as the court may deem proper.

Dated: October 3, 2018

Respectfully submitted,
/s/ Michael A. Schaps
MICHAEL A. SCHAPS
Attorney for Plaintiffs

## DEMAND FOR TRIAL BY JURY

Plaintiffs hereby demand trial by jury.

Dated: October 3, 2018

/s/ Michael A. Schaps
MICHAEL A. SCHAPS
Attorney for Plaintiffs